IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS MURRAY on behalf of himself and all others similarly situated, </br></br>  Plaintiff, </br></br> v. </br></br> FEDERAL INSURANCE COMPANY, </br></br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. _____ |

**CLASS ACTION COMPLAINT**

Plaintiff, Thomas Murray ("Plaintiff"), brings this Class Action Complaint individually, and on behalf of all others similarly situated, against Defendant, Federal Insurance Company ("Defendant"), and alleges as follows based upon information and belief, except as to the allegations specifically pertaining to him, which are based on personal knowledge.

**NATURE OF THE ACTION**

1. This is a class action lawsuit on behalf of all persons who paid for and/or obtained a travel protection insurance policy from Defendant, and who had their claim for travel reimbursements due to Covid-19 related cancellations improperly denied.

2. On or about October 24, 2019, Plaintiff booked travel from New York to Munich, Germany, scheduled to depart on May 16, 2020, and to return from Budapest, Hungary to Philadelphia, Pennsylvania scheduled for May 30, 2020 (the "Trip"). The Trip was purchased using Plaintiff's Chase Sapphire credit card, which purchase was insured by a Trip Cancellation

1

and Trip Interruption policy as described in the Chase Sapphire Reserve Guide to Benefits (the "Policy.").

3. Covid-19 and physician advisories issued in connection therewith forced Plaintiff to cancel the Trip.

4. As a result of that cancellation, Plaintiff incurred prepaid travel arrangement costs including all payments made for the Trip for which he made a claim under the Policy.

5. In defiance of the plain terms and conditions of the Policy, Defendant has failed and refused to honor its contractual obligations to reimburse Plaintiff for the costs incurred due to the cancellation of Plaintiff's Trip.

6. Upon information and belief, Defendant has – on a uniform basis – failed and refused to reimburse its insureds under the policies for non-refundable payments incurred as a result of the cancellation of trips due to quarantines imposed to prevent the spread of Covid-19.

7. Plaintiff and members of the Class are entitled to reimbursements as contracted for under the policies.

**PARTIES**

8. Plaintiff Thomas Murray is an adult individual residing in Delaware County, Pennsylvania, and is a citizen of the Commonwealth of Pennsylvania.

9. Defendant Federal Insurance Company provides property and casualty insurance products and services for businesses and individual and has its principal business location in Whitehouse Station, New Jersey. Defendant is a citizen of New Jersey.

**JURISDICTION AND VENUE**

10. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because Plaintiff and at least one member of

the Class, as defined below, is a citizen of a different state than Defendant, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interests and costs.

11. This Court has personal jurisdiction over Defendant because at all relevant times they have engaged in substantial business activities, including the sale of policies, in Pennsylvania. Defendant has, at all relevant times, transacted, solicited, and conducted business in Pennsylvania through its employees, agents, and/or sales representatives, and derived substantial revenue from such business in Pennsylvania.

12. Pursuant to 28 U.S.C. § 1391(a)(2) and (3), venue is proper in this District because a substantial part of the events or omissions giving rise to the claim occurred in this District, and Defendant is subject to the Court's personal jurisdiction in this District.

## FACTUAL BACKGROUND

### *The Travel Insurance Policy*

13. On or about October 24, 2019, Plaintiff booked travel from New York to Munich, Germany, scheduled to depart on May 16, 2020, and to return from Budapest, Hungary to Philadelphia, Pennsylvania scheduled for May 30, 2020. The Trip was prepaid at a cost of $6,370.44.

14. Plaintiff paid for the Trip using his Chase Sapphire credit card, which purchase was covered by the Chase Sapphire Reserve Guide to Benefits travel insurance policy number 9907-28-44 underwritten by Defendant (the "Policy"). The Policy is attached hereto as **Exhibit A**.

15. The Policy sets forth coverage for Trip Cancellation and provides, in relevant part, as follows:

> Trip Cancellation insurance reimburses you or your immediate Family Members for up to **ten thousand ($10,000.00) dollars** for each

    Covered Trip if a Covered Loss prevents you or your immediate Family Members from traveling on or before the departure date and results in cancellation of the travel arrangements.

16. The Policy defines a Covered Trip as "any pre-paid tour, trip or vacation when some portion of the cost for such travel arrangements . . . has been charged to your Account . . . ."

17. The Policy provides a list of events that create a Covered Loss. On that list is, among other things, a cancellation due to "Quarantine imposed by a Physician for health reasons."

18. The Policy does not provide a definition for the word "quarantine." Without a provided definition, "quarantine" may reasonably be interpreted to mean the restriction of travelling at the recommendation of a physician for health reasons.

19. If a Covered Trip is cancelled for a Covered Loss, "the Company will reimburse you or an Immediate Family Member for the non-refundable amounts paid up to Trip Cancellation & Trip Interruption Maximum limit of Insurance per Occurrence of **ten thousand ($10,000.00) dollars** for each claim on a Covered Trip."

20. The Policy provides the following Maximum limit of Insurance:

| Benefit | Trip Cancellation | Trip Interruption |
|---|---|---|
| Trip Cancellation & Trip Interruption Maximum Limit of Insurance Per Occurrence | Twenty Thousand ($20,000.00) Dollars | Twenty Thousand ($20,000.00) Dollars |
| Maximum Benefit Amount per Twelve (12) Month Period | Forty Thousand ($40,000.00) Dollars | Forty Thousand ($40,000.00) Dollars |

21. Upon information and belief, the policies issued by Defendant are uniform in their terms and coverage.

4

*<u>The Spread of Covid-19 in Early 2020</u>*

22. Covid-19 is a highly contagious airborne virus that originated through natural processes[1], which has rapidly spread and continues to spread across the United States. The virus has been declared a pandemic by the World Health Organization ("WHO").

23. Covid-19 is a public health crisis that has profoundly affected all aspects of society, prompting various federal agencies and governmental authorities to issue orders and guidance designed to slow the pace at which the virus is transmitted.

24. On January 30, 2020, the WHO declared Covid-19 a Global Health Emergency.[2]

25. On February 29, 2020, the first death of Covid-19 was reported in the United States.[3]

26. On March 11, 2020, WHO announced that Covid-19 was categorized as a pandemic.[4]

*<u>Plaintiff's Claim for Benefits Under the Policy Were Wrongly Denied</u>*

27. Plaintiff planned for and paid for his Trip that was covered under the Policy prior to the aforementioned orders, proclamations, and guidance being in effect.

28. On March 12, 2020, Carol Gung, a physician as defined in the Policy, advised Plaintiff not to travel during the time of his planned trip. An attending physician statement was prepared on June 11, 2020, and a copy was provided to Defendant in support of Plaintiff's claim. A copy of the attending physician statement is attached hereto as **Exhibit B**.

29. In response to being advised to quarantine by a physician, on or about April 11, 2020, Plaintiff cancelled his Trip.

---

[1] https://www.sciencedaily.com/releases/2020/03/200317175442.htm
[2] https://www.statnews.com/2020/01/30/who-declares-coronavirus-outbreak-a-global-health-emergency/
[3] https://abcnews.go.com/US/high-school-student-washington-latest-coronavirus-community-spread/story?id=69301655
[4] https://www.who.int/dg/speeches/detail/who-director-general-s-opening-remarks-at-the-media-briefing-on-covid-19---11-march-2020

30. Plaintiff's Trip was cancelled due to being advised by his physician to quarantine within the meaning of the Policy and everyday use of the word.

31. As a result of such cancellation, Plaintiff incurred losses in the form of prepaid travel arrangement costs.

32. In accordance with the terms and conditions of the Policy, Plaintiff submitted claim number 0007146183 on or about May 29, 2020 (the "Claim"), to Defendant seeking reimbursement for his prepaid travel arrangement costs. Upon request from Defendant, Plaintiff supplemented the Claim with the attending physician statement.

33. Plaintiff's Claim met the requirements for coverage under the Policy.

34. On or about September 20, 2020, Defendant responded, stating that "[c]ancelling due to the threat of contracting a virus or illness is not eligible for coverage." The denial letter is attached hereto as **Exhibit C**.

## CLASS ALLEGATIONS

35. Plaintiff brings this case individually and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the class defined as:

> All persons who paid for a tour, trip or vacation that was insured by a travel protection policy from Defendant, and whose claims for reimbursement were denied by or on behalf of Defendant after their trips were cancelled due to quarantine imposed by a physician (the "Class").

36. Excluded from the Class is Defendant, its subsidiaries and affiliates, officers, directors and members of their immediate families and any entity in which Defendant has a controlling interest, the legal representative, heirs, successors, or assigns of any such excluded party, the judicial officer(s) to whom this action is assigned, and the members of their immediate families.

37. Plaintiff reserves the right to modify or amend the definition of the proposed Class if necessary before this Court determines whether certification is appropriate.

38. The requirements of Rule 23(a)(1) are satisfied. The class described above is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court. The exact size of the Class and the identities of the individual members thereof are ascertainable through Defendant's records, including but not limited to, the sales and transaction records that Defendant has access to and/or own.

39. The requirements of Rule 23(a)(2) are satisfied. There is a well-defined community of interest and there are common questions of fact and law affecting members of the Class. The questions of fact and law common to the Class predominate over questions which may affect individual members and include the following:

- Whether a physician's statement advising that individuals not travel constitutes a "Quarantine" within the meaning of Defendant's policies;

- Whether Defendant's denial of the claims submitted by Plaintiff and the members of the Class were premeditated and the product of a coordinated effort to (i) dissuade Plaintiff and the other members of the Class from submitting and/or pursuing claims under their policies and/or (ii) to limit Defendant's losses arising from such claims; and

- Whether Plaintiff and members of the Class are entitled to damages, punitive damages, costs and/or attorneys' fees for Defendant's acts and conduct.

40. The requirements of Rule 23(a)(3) are satisfied. Plaintiff's claims are typical of the claims of the members of the Class. The claims of Plaintiff and members of the Class are based

on the same legal theories and arise from the same failure by Defendant to provide coverage under the policies.

41.     Plaintiff and members of the Class were each customers of Defendant, each having purchased a tour, trip or vacation that was covered under the travel insurance policy that is substantially identical in all material respects from Defendant.  Each likewise submitted a claim under their policies, and each such claim was denied on the basis that the claims were not covered under the policies.

42.     The requirements of Rule 23(a)(4) are satisfied. Plaintiff is an adequate representative of the Class because their interests do not conflict with the interests of the members of the Class. Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the Class and has no interests antagonistic to the members of the Class.  In addition, Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation. The claims of Plaintiff and the Class members are substantially identical as explained above. While the aggregate damages that may be awarded to the members of the Class are likely to be substantial, the damages suffered by the individual members of the Class are relatively small. As a result, the expense and burden of individual litigation make it economically infeasible and procedurally impracticable for each member of the Class to individually seek redress for the wrongs done to them.  Certifying the case as a Class will centralize these substantially identical claims in a single proceeding, which is the most manageable litigation method available to Plaintiff and the Class and will conserve the resources of the parties and the court system, while protecting the rights of each member of the Class. Defendant's uniform conduct is generally applicable to the Class as a whole, making relief appropriate with respect to each Class member.

## FIRST CLAIM FOR RELIEF

### DECLARATORY RELIEF
### (On Behalf of Plaintiff and Members of the Class)

43. Plaintiff incorporates by reference all preceding factual allegations.

44. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201, in which Plaintiff and members of the Class seek a judicial determination of an actual controversy regarding coverage for their non-refundable payments caused by a cancellation of their trips due to "Quarantine imposed by a Physician for health reasons."

45. The term "Quarantine" is not further defined within the Policy. As such, it must be given its ordinary and plain meaning as informed by, *inter alia*, its dictionary definition and the intent of the parties, as well as the custom in the industry or usage in the trade.

46. Quarantine may be reasonably interpreted to mean when a physician advises an individual not to travel during the outbreak of a highly contagious and deadly virus.

47. Based on the relevant Policy language and the facts, Plaintiff's and Class members' losses of prepaid travel arrangement costs arise from a "Quarantine imposed by a Physician" within the meaning of the Policy, and – as such – trigger the Trip Cancellation benefits under the Policy.

48. Declaratory relief from this Court will resolve the aforementioned controversy and dispute.

## SECOND CLAIM FOR RELIEF

### BREACH OF CONTRACT
### (On Behalf of Plaintiff and Members of the Class)

49. Plaintiff incorporates by reference all preceding factual allegations.

50.     The Policy is a valid and binding contract between Plaintiff and members of the Class on one hand, and Defendant on the other.

51.     Pursuant to the terms and conditions of the Policy, the prepaid travel arrangement costs are specifically covered thereunder.

52.     Defendant has materially breached the Policy by failing and refusing to reimburse Plaintiff and members of the Class for any of their prepaid travel arrangement costs. The aforementioned material breaches have damaged, and will continue to damage, Plaintiff and members of the Class.

53.     Plaintiff and members of the Class have performed all of their obligations under the policies, and any and all conditions precedent to coverage under the Policy for the prepaid travel arrangement costs have been satisfied, waived, or revoked, and/or Defendant is estopped from enforcing them at this time.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of Plaintiff and the Class against Defendant as follows:

a.  For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

b.  For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

c.  For damages in an amount to be determined by the trier of fact;

d.  For an order of restitution and all other forms of equitable monetary relief;

e.  Awarding Plaintiff's reasonable attorneys' fees, costs, and expenses;

  f. Awarding pre- and post-judgment interest on any amounts awarded; and,

  g. Awarding such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

A jury trial is demanded on all claims so triable.

Dated:  August 25, 2021

            Respectfully submitted,

            */s/ Gary F. Lynch*
            Gary F. Lynch (PA ID 56887)
            Kelly K. Iverson (PA ID 307175)
            Jamisen A. Etzel (PA ID 311554)
            Nicholas A. Colella*
            **CARLSON LYNCH, LLP**
            1133 Penn Avenue, 5th Floor
            Pittsburgh, PA 15222
            T: (412) 322-9243
            F: (412) 231-0246
            glynch@carlsonlynch.com
            kiverson@carlsonlynch.com
            jetzel@carlsonlynch.com
            ncolella@carlsonlynch.com

            *Counsel for Plaintiff*

            **Pro hac vice* application forthcoming